U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 1 6 2006

ROBERT H. SHEMWELL, CLERK
BY _____
DEPUTY

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## ALEXANDRIA DIVISION

| | |
|---|---|
| YOLANDA ERIETTIE FORD, Wife of/and ROBERT E. FORD | CIVIL ACTION NO. 05-0711-A |
| -vs- | JUDGE DRELL |
| CLECO CORPORATION | MAGISTRATE JUDGE KIRK |

## R U L I N G

Before the Court is a Motion for Summary Judgment filed by Defendant CLECO Corporation ("CLECO"). (Doc. 24). Plaintiffs Yolanda Eriette Ford and Robert Ford oppose the Motion. (Doc. 26). CLECO claims it is entitled to summary judgment because Plaintiffs' claims are barred by the principles of judicial estoppel. (Doc. 24). After reviewing the pleadings in this case and the applicable law, Defendant's Motion will be DENIED.

Background

Ms. Ford was a CLECO employee. (Doc. 1). In 2002, after experiencing various medical problems, Ms. Ford's doctor "considered her disabled." (Doc. 1). On February 28, 2004, CLECO terminated Ms. Ford's employment, allegedly because she was physically unable to work. (Doc. 1). Ms. Ford filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on May 31, 2004 and on January 26, 2005 the EEOC dismissed her claim on the grounds that her

allegations did not involve a disability as defined by the Americans With Disabilities Act ("ADA"). (Docs. 1 and 26, Exh. H).

On June 18, 2004, Mr. and Ms. Ford filed for Chapter 13 bankruptcy protection. (Doc. 24, Exh. 3). When the Fords filed for bankruptcy, they did not include Ms. Ford's potential ADA claim against CLECO as an asset under Schedule B. (Doc. 24, Exh. 5). On August 26, 2004, the bankruptcy was dismissed pursuant to 11 U.S.C. § 109(g). The bankruptcy court never confirmed a plan. (Doc. 26, Exh. C and Exh. D). Although the Fords moved to reinstate the case, their motion was denied as untimely. (Doc. 26, Exh. E and Exh. G). The current suit was filed on April 22, 2005.

Law and Analysis

CLECO asserts it is entitled to summary judgment because Plaintiffs' "debts were discharged on April 19, 2005." (Doc. 24). However, after reviewing the record from the Fords' bankruptcy proceedings, we discovered that the Fords did not receive a discharge. Rather, their case was dismissed prior to confirmation and before any disbursements were made.

The Fifth Circuit has recognized three requirements for the successful invocation of judicial estoppel. A debtor or his successor-in-interest is precluded by judicial estoppel from bringing a suit against a defendant if: (1) the party asserting the claim is taking a position clearly inconsistent with a position taken in a previous proceeding; (2) the court accepted the previous position; and (3) the nondisclosure was not inadvertent. In re Superior Crewboats, Inc., 374 F. 3d 330

(5th Cir. 2004). Failure to disclose potential litigation to the bankruptcy court and subsequently filing suit on that potential claim satisfies the first element. Id. As to the second element, a court has accepted a party's previous position if "the first court had adopted the position urged by the party, either as a preliminary matter or as part of a final disposition." Id. at 335 (internal quotation marks omitted).

While the filing of this suit is inconsistent with Ms. Ford's failure to list her potential claim against CLECO on her schedule of assets before the bankruptcy court, we do not find that the bankruptcy court accepted or adopted her previous position. Rather, the bankruptcy court dismissed the action before making any determination as to the existence or nonexistence of the Fords' assets.[1] Because the second requirement of judicial estoppel has not been satisfied, CLECO's Motion for Summary Judgment must be denied. We see no reason to address whether the Fords' failure to disclose the pending claim was inadvertent.

SIGNED on this 15 day of June, 2006, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

---

[1] Even if the bankruptcy court had confirmed a plan, such confirmation would not necessarily have resulted in a "discharge" of the obligation, as argued by CLECO. In a Chapter 13 case, a plan confirmation only results in a discharge to the extent a creditor is paid pursuant to the plan. See 8 Collier Bankruptcy Manual § 1327.02[3]; 11 U.S.C. § 1327-1329. Here, because there was no plan confirmed and no successful payment of all plan obligations, no discharge was given. Likewise, even in the situation where a plan is confirmed, only assets necessary to the plan must be released to the trustee. 8 Collier Bankruptcy § 1322.02[1]. Therefore, the Fords' potential claim would not necessarily have been released and no implied forfeiture of the right to assert an allegedly undisclosed claim belonging to the bankruptcy debtor can be found.